**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00711-REB–MJW

GILBERT ANGERMANN, and
CLARE ANGERMANN, individuals, on behalf of themselves and all other similarly situated persons,

    Plaintiffs,

v.

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a GENERAL STEEL CORPORATION, a Colorado limited liability company,
JEFFREY KNIGHT,
NATHAN WRIGHT,
BRUCE GRAHAM,
LEE BASHORE,
STEVEN PAIGE,
JOHN VIVIAN,
JONAH GOLDMAN, and
WAYNE GASTON,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION
AND FOR A STAY PURSUANT TO THE FEDERAL ARBITRATION ACT**

**Blackburn, J**.

    The matter before me is the **Defendants' Motion To Compel Arbitration and for a Stay Pursuant to the Federal Arbitration Act** [#10] filed July 14, 2010.  I grant the motion, order the parties to arbitration, and stay and administratively close this action.

### I.  JURISDICTION

    I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II.  STANDARD OF REVIEW

The decision whether to enforce an arbitration agreement involves a two-step inquiry.  First, I must determine whether the parties agreed to arbitrate the dispute.  ***Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth***, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985); ***Williams v. Imhoff***, 203 F.3d 758, 764 (10th Cir. 2000).  Second, I must consider whether any statute or policy renders the claims non-arbitrable.  ***Mitsubishi***, 105 S.Ct. at 3355; ***Williams***, 203 F.3d at 764.  Federal policy strongly favors the arbitration of disputes, and agreements to arbitrate therefore should be read liberally.  ***Moses H. Cone Memorial Hospital v. Mercury Construction Corp.***, 460 U.S. 1, 23 n.27, 103 S.Ct. 927, 941 n.27, 74 L.Ed.2d 765 (1983).

## III.  ANALYSIS

Plaintiffs executed purchase orders for three buildings to be supplied by defendant General Steel Domestic Sales, LLC ("General Steel"), in May, 2005.  The individual defendants were various officers and employees of General Steel at the time the purchase orders were signed.  Plaintiffs claim on behalf of a putative class of similar purchasers that these purchase orders were deceptive and misleading, and, indeed, had been found to be so by a Colorado state district court at the time plaintiffs and the other members of the putative class executed their purchase orders.  They assert claims under the Colorado Consumer Protection Act as well as for civil theft and fraud in the inducement, and seek declaratory and monetary relief on behalf of themselves and the putative class.

Defendants maintain that plaintiffs' claims against General Steel are subject to arbitration pursuant to paragraph 17 of the purchase order, which provides that "[a]ny controversy or claim arising out of the or relating to this contract, or the breach thereof, shall be settled by arbitration . . ." (Defs. Motion App., Exh. 1 ¶ 17 at 5.)  Such broad language plainly encompasses the claims sought to be prosecuted against defendant in this lawsuit.  *See P & P Industries, Inc. v. Sutter Corp.*, 179 F.3d 861, 871 (10th Cir. 1999) ("[T]he strong presumption in favor of arbitrability . . . applies with even greater force when such a broad arbitration clause is at issue.") (citation and internal quotation marks omitted).  Moreover, no statute or policy renders these types of claims non-arbitrable, *see  Mitsubishi*, 105 S.Ct. at 3355-56; *Williams*, 203 F.3d at 764, and plaintiff does not contend as much.  *See Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 403-04, 87 S.Ct. 1801, 1806, 18 L.Ed2d 1270 (1967) (fraud in the inducement, unless fraud alleged to go specifically to arbitration provision); *Western Stone & Metal Corp. v. Riggs*, 2006 WL 6356808 at *2 (D. Colo. Feb. 2, 2006); *Ingold v. AIMCO/Bluffs, L.L.C. Apartments*, 159 P.3d 116, 122 (Colo. 2007) (Colorado Consumer Protection Act claims).

Although the individual defendants have no contract with plaintiffs, and, thus, no agreement to arbitrate the claims against them, the factors that favor a stay of litigation while arbitration proceeds against another party weigh in favor of a stay in this matter. *See Moses H. Cone Memorial Hospital*, 103 S.Ct. at 939 (although Federal Arbitration Act "*requires* piecemeal resolution when necessary to give effect to an arbitration agreement," court have discretion to stay non-arbitrable claims until arbitration is

completed) (emphasis in original).  *See also **AgGrow Oils, L.L.C. v. National Union Fire Insurance Co. of Pittsburgh, PA***, 242 F.3d 777, 783 (8th Cir. 2001) (discretion to stay non-arbitrable claims informed by, *inter alia*, risk of inconsistent rulings, extent to which all parties will be bound by the arbitrators' decision, and prejudice that may result from delays); ***Coors Brewing Co. v. Molson Breweries***, 51 F.3d 1511, 1518 (10th Cir. 1995) (court's discretion to stay informed by considerations of judicial efficiency).

Plaintiffs do not contest any of these legal principles.  Instead, they argue that defendants cannot rely on the arbitration clause at all because the purchase orders from which it is taken had been declared invalid at the time plaintiffs executed them.  This argument, of course, is the very premise of plaintiffs' claims in this lawsuit.  More to the point, only allegations that the arbitration provision of a contract is void or voidable escape enforcement by a federal court of an otherwise facially valid arbitration provision.  ***Buckeye Check Cashing, Inc. v. Cardegna***, 546 U.S. 440, 448-49, 126 S.Ct. 1204, 1210, 163 L.Ed.2d 1038 (2006) (citing ***Prima Paint Corp.***, 87 S.Ct. at 1806-07).  Plaintiffs' complaint contains no allegation that fairly can be read to say that the arbitration provision itself was induced by fraud.  Therefore, whether that provision is invalid *vel non* is a question for the arbitrator to resolve.

Nor is there anything in the purchase orders suggesting that the parties contemplated class-wide arbitration, and plaintiffs do not argue otherwise.  Accordingly, the question whether class-wide arbitration is appropriate is for the arbitrator as well. ***See Stolt-Nielsen S.A. v. Animal Feeds International Corp.***, – U.S. –, 130 S.Ct. 1758, 1760, 176 L.Ed.2d 605 (2010); ***see also Fisher v. General Steel Domestic***

***Sales, LLC***, 2010 WL 3791181 at *2-3 (D. Colo. Sept. 22, 2010).

Because plaintiffs' claims in this lawsuit are arbitrable, and because defendants have so requested, I am required to stay this action pending arbitration.[1] However, I will close this case administratively, subject to reopening for good cause.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Motion To Compel Arbitration and for a Stay Pursuant to the Federal Arbitration Act** [#10] filed July 14, 2010, is **GRANTED**;

2. That plaintiffs and defendant General Steel Domestic Sales, LLC d/b/a General Steel Corporation are **ORDERED** to arbitration under the terms set forth in the purchase orders;

3. That this case is **STAYED**, pending the outcome of the arbitration;

4. That within **eleven (11) days** of the completion of the arbitration, plaintiffs and General Steel **SHALL FILE** a joint statement describing the results of the arbitration and indicating what, if any, further action each party intends to take in this case; and

---

[1] Despite the seemingly mandatory language of section 3, the majority of federal courts hold that a district court may dismiss rather than stay a complaint when all claims therein are arbitrable. ***See, e.g.***, ***Choice Hotels International, Inc. v. BSR Tropicana Resort, Inc.***, 252 F.3d 707, 709-10 (4th Cir. 2001); ***Green v. Ameritech Corp.***, 200 F.3d 967, 973 (6th Cir. 2000); ***Fedmet Corp. v. M/V BUYALYK***, 194 F.3d 674, 678 (5th Cir. 1999); ***Bercovitch v. Baldwin School, Inc.***, 133 F.3d 151, 156 & n.21 (1st Cir. 1998); ***Sparling v. Hoffman Construction Co.***, 864 F.2d 635, 638 (9th Cir. 1988); ***Black and Veatch International Co. v. Wartsila NSD North America, Inc.***, 1998 WL 953966 at *4 (D. Kan. Dec. 17, 1998). ***But see Lloyd v. Hovensa, LLC***, 369 F.3d 263, 269-71 (3rd Cir. 2004).  Although the Tenth Circuit has not addressed this issue directly, it has intimated that a district court may dismiss when a party specifically requests dismissal rather than a stay.  ***See Armijo v. Prudential Insurance Co. v. America***, 72 F.3d 793, 796-97 (10th Cir. 1995) (finding appellate jurisdiction from order dismissing a case in which all claims were referred to arbitration and distinguishing ***Adair Bus Sales, Inc. v. Blue Bird Corp.***, 25 F.3d 953, 954-55 (10th Cir. 1994), in which appellate jurisdiction of order compelling arbitration was found lacking because defendant had requested a stay, not dismissal).

Because defendants here do not request dismissal, either principally or in the alternative, I am foreclosed by ***Adair*** from doing other than staying this action.

5.  That the clerk of the court is **DIRECTED** to close this case administratively pursuant to D.C.COLO.LCivR 41.2, subject to reopening for good cause.

Dated November 8, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge